IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| ANTHONY A. ABBATIELLO, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Civil Action No. 18-574-CFC |
| DANA METZGER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) |
| Respondents. | ) |

## **MEMORANDUM**

In 2017, a Delaware Superior Court jury found Petitioner Anthony Abbatiello ("Petitioner") guilty of attempted first degree assault, home invasion, first degree robbery, four counts of PFDCF, first degree reckless endangering, PFAPP, and several traffic offenses. *See Abbatiello v. State*, 170 A.3d 779 (Table), 2017 WL 3725063, at *1 (Del. Aug. 29, 2017). The Delaware Supreme Court affirmed his convictions on August 29, 2017. *Id*. at *4.

Presently pending before the Court is a document filed by Petitioner, which is titled "Motion to Stay and Abey," along with an "Amended Motion to Stay and Abey." (D.I. 1; D.I. 5) The Motions assert 22 grounds for habeas relief and request that the Court stay Petitioner's habeas proceeding until he has exhausted state remedies. (D.I. 1; D.I. 5) Given Petitioner's explicit request for habeas relief, the Court construes the Motions to be a Petition for Writ of Habeas Corpus filed Pursuant to 28 U.S.C. § 2254.

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to

relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider the claims on the merits. *See* 28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner convicted in Delaware properly exhausts state remedies for an ineffective assistance of counsel claim by presenting it to the Delaware state courts in a Rule 61motion and post-conviction appeal. *See Guy v. State*, 82 A.3d 710, 715 (Del. Nov. 27, 2013) (claim alleging ineffective assistance of trial counsel may not be raised on direct appeal). Petitioner states that he filed a Rule 61 motion in the Delaware Superior Court on March 21, 2018 asserting numerous grounds for relief, including several ineffective assistance of counsel claims. (D.I. 1 at 4-11) It appears that his Rule 61 proceeding is still pending in the Delaware state courts. Given these circumstances, the Court concludes that Petitioner has not yet exhausted state remedies for all of his federal habeas claims.[1]

Accordingly, the Court will summarily dismiss Petitioner's Motion to Stay and Abey and his Amended Motion to Stay and Abey without prejudice. (D.I. 1; D.I. 5) The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial

---

[1] As a general rule, habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within one year of the petitioner's judgment of conviction becoming final. *See* 28 U.S.C. § 2244(d)(1)(A). Abbatiello is responsible for determining the events that trigger and toll the limitations period.

2

showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). *See United States v. Eyer*, 113 F.3d 470, 474 (3d Cir. 1997). A separate Order follows.

Dated: September 27, 2018

_____
UNITED STATES DISTRICT JUDGE